IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESUS P. GONZALEZ, AH4812, | ) | |
| Plaintiff(s), | ) | No. C 14-5320 CRB (PR) |
| vs. | ) | ORDER OF DISMISSAL |
| PATRICIA VAUGHT, et al., | ) | |
| Defendant(s). | ) | |

Plaintiff, a prisoner at the California Substance Abuse Treatment Facility and State Prison, Corcoran, has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging that nursing staff at Pelican Bay State Prison (PBSP) failed to provide him with prompt medical care for an infection he contracted after cutting his left middle finger.

**DISCUSSION**

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff's complaint and attachments show the following line of events:

On Wednesday, November 27, 2013, plaintiff was seen by RN Martinez for a cut on his left middle finger just under the cuticle he had sustained a few days earlier but which was now hurting. Martinez noted that although the cut had healed, there was redness and swelling at the site and consulted the doctor on call, Nancy Adam. Dr. Adam ordered soaks with the antiseptic agent chlorhexidine for five days and a follow up clinic visit with her on Monday, December 2, 2013. Plaintiff also was given a tetanus prophylaxis injection.

On Friday, November 29, 2013, plaintiff informed defendant LPT Patricia Vaught that his finger had worsened and Vaught passed on the information to defendant RN Alicia Holland. Holland noted that the wound had not opened or drained and instructed plaintiff to continue with the soaking until his upcoming appointment with Dr. Adam. Plaintiff later complained to defendant LPT Debra Okoebor, who also instructed him to continue with the soaks until his appointment with Dr. Adam on Monday, as directed by the RN, but to let nursing staff know if the wound opened or began to drain.

On Sunday, December 1, 2013, plaintiff informed defendant LPT Okoebor that his finger had worsened and Okoebor passed on the information to defendant RN Lori Manzano. Manzano confirmed that plaintiff's wound had not opened or drained, and plaintiff was instructed to continue with the soaks until his appointment with Dr. Adams the next day.

On Monday, December 2, 2013, plaintiff was seen by Dr. Adam.  Adam opened the wound, drained purulent material and instructed plaintiff to continue with the soaks.  Adam also placed plaintiff on antibiotics and pain medication for seven days.  Plaintiff's infection was resolved.

Plaintiff alleges that defendants LPT Patricia Vaught, RN Alicia Holland, LPT Debra Okoebor and RN Lori Manzano were deliberately indifferent to his serious medical needs when they delayed giving him medical care for his infection until his appointment with Dr. Adam on Monday, December 5, 2013.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Neither negligence nor gross negligence warrant liability under the Eighth Amendment.  Id. at 835-36 & n4.  An "official's failure to alleviate a significant risk that he should have perceived but did not, . . . cannot under our cases be condemned as the infliction of punishment."  Id. at 838.  Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing Wilson v. Seiter, 501 U.S. 294, 302-03

(1991)). Prison officials violate their constitutional obligation only by "intentionally denying or delaying access to medical care." Estelle, 429 U.S. at 104-05.

A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is generally insufficient to establish deliberate indifference. Toguchi v. Chung, 391 F.3d 1051, 1058, 1059-60 (9th Cir. 2004).

Unfortunately for plaintiff, his allegations that defendants delayed giving him medical care until his appointment with Dr. Adam amount to no more than a possible claim for medical malpractice not cognizable under § 1983. See id. at 1060-61 (medical malpractice insufficient to make out violation of 8th Amendment); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (same). After all, defendants followed Dr. Adam's recommendation and examined plaintiff and made sure that he was soaking and that his wound had not changed substantially in the no more than five days plaintiff had to wait to see Dr. Adam. See, e.g., Frost, 152 F.3d at 1130 (finding that delays in administering pain medication, treating broken nose and providing replacement crutch did not amount to more than negligence). There is no indication that defendants knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. See Farmer, 511 U.S. at 837.

To whatever extent plaintiff may have a claim for medical malpractice, he must pursue such claim in the state courts.

/

/

4

| | |
|---|---|
| 1 | **CONCLUSION** |
| 2 | For the foregoing reasons, the complaint is DISMISSED for failure to |
| 3 | state claim under the authority of 28 U.S.C. § 1915A(b). |
| 4 | The clerk shall enter judgment in accordance with this order, terminate all |
| 5 | pending motions as moot (see dkt. #3), and close the file. |
| 6 | SO ORDERED. |
| 7 | DATED:  February 24, 2015 |
| 8 | CHARLES R. BREYER<br>United States District Judge |

SO ORDERED.

DATED: February 24, 2015

CHARLES R. BREYER
United States District Judge

N:\Gonzalez, J.14-5320.dismissal.wpd

5